## Seiders License

*David C. Cleaver,* of *Black & Davison,* for appellant.
*Thomas J. Finucane, Jr.,* for Commonwealth.

KELLER, J., October 29, 1970.—Appellant, Charles F. Seiders, Jr., was convicted on December 15, 1969, of driving his motor vehicle at the rate of 90 miles per hour in a 65-mile-speed zone on Interstate 81. The offense occurred on November 22, 1969, on which date Mr. Seiders was 17 years of age and held a junior driver's license. He had had no prior convictions.

On May 11, 1970, appellant was notified that as a result of said conviction he should report for "a hearing covering your entire driving record" on May 22, 1970. On July 27, 1970, a notice of withdrawal of motor vehicle privileges for a period of four months was issued, effective August 11, 1970, "under Section 604.1(a)(d)." The effective date of suspension occurred after appellant had attained his eighteenth

birthday; he having been born on May 6, 1952. To the date of the suspension notice there had been no subsequent convictions of appellant for any motor vehicle violations.

By stipulation of counsel for the Commonwealth and counsel for appellant, the only issue to be considered by the court is whether the Secretary of Transportation abused his discretion in suspending appellant's driver's license for four months.

Counsel for appellant argued on the above facts that the four-months' suspension imposed by the Secretary of Transportation was unreasonable and an abuse of his discretion. In support of this contention, counsel pointed to the fact that under the point system mandated by the legislature in the Act of 1966, P. L. (1965) 1497, sec. 2, 75 PS §619.1, only six points and a 30-day suspension is authorized for exceeding the legal limit by from 21 miles per hour to 29 miles per hour. The court's attention was directed to the decisions of the Court of Common Pleas of Chester County in Rogers License, 43 D. & C. 2d 500 (1967), and Miskey License 46 D. & C. 2d 14 (1968), which specifically support appellant's contention that the legislature intended the point system provided in section 619.1, supra, to apply to all types and categories of licenses, including regular and junior licenses.

Conceding section 604.1 of The Vehicle Code, 75 PS §604.1, does grant the secretary wide discretion in the suspension of junior licenses, it was argued by analogy to In Re Gault, 387 U.S. 1 (1967), that this constituted an invidious and unwarranted discrimination against operators under the age of 18 years.

We understand the position of appellant to be that he does not claim he is entitled to have his suspension revoked, but rather that it should be modified to bring

it in line with the penalty provisions of section 619.1, supra.

This suspension was ordered under section 604.1 (a) and (d) and these subsections provide:

"No operator's license shall be issued to any person under eighteen (18) years of age, except that junior operators' licenses may be issued to minors who have arrived at the age of sixteen (16) years but who have not reached the age of eighteen (18) years, under rules and regulations to be established by the secretary. The secretary shall prescribe the form of application for a junior operator's license and each applicant for such a license shall submit with his application an affidavit of a parent or person in loco parentis indicating the age of the applicant and indicating his consent to the issuance of such license. Upon receipt of a withdrawal of consent, duly acknowledged by the parent or person in loco parentis who executed the consent, on the basis of which a junior operator's license or a regular operator's license for a minor seventeen (17) years of age was issued, the secretary shall, provided the licensee has not reached the age of eighteen (18) years, revoke such junior operator's license. Where revocation is made pursuant to this provision, no new license shall be issued by the secretary until the licensee has reached the age of eighteen (18) years. In addition to the other provisions of this act relating to the suspension or revocation of operating privileges, in the event that a licensed junior operator is involved in an accident for which he is partially or fully responsible in the opinion of the secretary, pleads guilty or nolo contendere, or is convicted of any violation of 'The Vehicle Code,' or violates subsection (c) hereof, the secretary may, after a hearing, suspend the operating privileges of such junior operator until

he has reached the age of eighteen (18) years, or for any other period of time. A junior operator's license shall automatically become a regular operator's license when the licensee reaches the age of eighteen (18) years.

"(d) In addition to the other provisions of this act relating to the suspension or revocation of operating privileges, in the event that a regular operator under the age of eighteen (18) is involved in an accident for which he is partially or fully responsible in the opinion of the secretary, pleads guilty or nolo contendere, or is convicted of any violation of 'The Vehicle Code,' the secretary may, after a hearing, suspend the operating privileges of such operator or issue him a junior operator's license in lieu of or in addition to said suspension."

With regard to appellant's suggestion that the dissimilarity in treatment of those under 18 years of age is analogous to the situation in Gault, we dismiss the argument, noting that the legislature in the exercise of its police power established an overall classification of operators between 16 and 18 years of age, and defendant made no effort to prove that the unequal treatment amounts to a denial of equal protection under the law. We further find nothing unreasonable in the legislative action so taken.

Turning now to the principal argument that appellant as a junior operator received a much harsher treatment than he would have under the point system had he been over 18 years of age at the time of the violation, we note this matter was specifically considered by the Court of Common Pleas of York County in Commonwealth v. Senft, 82 York 43 (1968), and President Judge Atkins held after citing section 73 of the Statutory Construction Act of May 28, 1937, 46 PS §573, that section 619.1 of The Vehicle Code

constituted an enlargement of the secretary's powers of suspension, and did not purport to amend section 604.1. In Toth License, 47 D. & C. 2d 299 (1969), the Court of Common Pleas of Lehigh County considered an appeal on a similar factual basis and, concurring with Judge Atkins, concluded the secretary's suspension under section 604.1 was proper. In that opinion, Judge Scheirer stated:

"We acknowledge that a one year suspension under the circumstances is severe. We believe it was so intended. Junior operator licenses are both privileged and restricted, undoubtedly in recognition of the high accident rate among teenagers and out of concern to remove those persons under eighteen years of age off the highways and into places of safety during hours when delinquent behavior occurs . . . We are reminded of the farmer who struck his mule with a 'two by four' with the explanation 'first we must get his attention.' Hopefully, the Commonwealth has now secured the attention of the petitioner by imposing a one year suspension . . . Furthermore, we have no authority to reduce the period of suspension."

We also note in Angelicchio Motor Vehicle Operator License Case, 213 Pa. Superior Ct. 409 (1968), our Superior Court reversed the lower court and reinstated the secretary's suspension of a junior operator's operating privileges. The offense was driving at a speed of 80 miles-per-hour in a 60 mile-per-hour speed zone. The footnote to the case states:

"Although Angelicchio's offense occurred after the effective date (July 24, 1966) of the amendment to The Vehicle Code establishing the point system, *the action of the Secretary of Revenue in ordering a suspension, rather than the assignment of points, was proper under the provisions of Section 604.1 (75 P. S. 604.1) which authorizes the suspension of the*

*driving privileges of a junior operator convicted of speeding or any other violation."* (Italics supplied.)

We believe the decision of the Superior Court in the Angelicchio case, supra, is binding upon us in the case at bar. However, were it not, we would adopt the rationale of the Senft and Toth cases, supra.

The fact that the suspension was imposed and became effective after appellant had passed his eighteenth birthday does not affect the validity of the suspension: Blair License, 44 D. & C. 2d 26 (1967).

## ORDER

Now, October 29, 1970, the action of the Secretary of Transportation imposing a four-month suspension of the driving privileges of appellant is sustained and the appeal is dismissed at the cost of appellant.